NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIE MITCHELL,<br><br>  Plaintiff,<br><br>  v.<br><br>NEW JERSEY STATE PAROLE BOARD,<br><br>  Defendant. | Civil Action No. 24-08598 (RK) (JTQ)<br><br>**MEMORANDUM ORDER** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon the application of Plaintiff Willie Mitchell ("Plaintiff") to proceed *in forma pauperis*, together with Plaintiff's Complaint against Defendant New Jersey State Parole Board ("Defendant"). ("Compl.," ECF No. 1.) For the reasons explained below, Plaintiff's application to proceed *in forma pauperis* is **GRANTED**. However, his Complaint is **DISMISSED** without prejudice.

**I.    BACKGROUND**

The following facts are derived from Plaintiff's Complaint and accepted as true only for purposes of screening the Complaint pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff filed a ten-page Complaint alleging a violation of 42 U.S.C. § 1983 ("Section 1983") against Defendant. (Compl. at 2–3.) Plaintiff alleges generally that Defendant violated his Fifth and Eighth Amendment rights "by giving [him] excessive denials of parole without stating truthful facts as to what the issue was." (*Id.* at 4.) Plaintiff takes specific issue with two denials of parole by Defendant in December 2007 and November 2018.[1] (*Id.* at 5.)

---

[1] Plaintiff attached both denials of parole by Defendant to the Complaint. (*See* "Dec. Denial," Compl. at 9; "Nov. Denial," Compl. at 8.)

On December 7, 2007, a two-member panel "denied parole and determined that due to [Plaintiff's] lack of satisfactory progress in reducing the likelihood of future criminal behavior an eligibility term in excess of the Board's schedule is required . . . ." (Dec. Denial.) Defendant subsequently "set a future eligibility term of two hundred and sixteen (216) months." (*Id.*) On November 5, 2018, Defendant again "denied [Plaintiff's] parole release and determined that establishing a future parole eligibility term within the Board's presumptive schedule would be inappropriate, due to [his] lack of satisfactory progress in reducing the likelihood of future criminal behavior." (Nov. Denial.) Thus, Defendant set Plaintiff's future eligibility term at one hundred and twenty (120) months. (*Id.*)

Plaintiff alleges that Defendant's findings with respect to his likelihood of future criminal behavior "ha[ve] never been properly explained." (*Id.* at 6.) He questions "how can there be a future of behavior that has remained non-existent within the last 41 years [while incarcerated]." (*Id.*) Plaintiff asks the Court to "force [Defendant] to financially compensate [him] for the continuous disregard for [his] constitutional rights" in the amount of $3.5 million. (*Id.* at 5.)

With his Complaint, Plaintiff also filed an application to proceed *in forma pauperis*. ("IFP," ECF No. 1-1.) The application's Affidavit of Poverty indicates Plaintiff is currently incarcerated at South Woods State Prison, where he receives $15.00 per month for employment by the correctional facility. (IFP at 2.) The Affidavit notes Plaintiff does not have cash, a checking account, or a savings account, and he does not otherwise own any assets or property. (*Id.* at 3.) Plaintiff also attached to his application a certified trust fund account statement from South Woods State Prison for the months of January 2024 through August 2024. (ECF No. 1-2.) The account statement shows that as of August 6, 2024, Plaintiff has $1.88 in his "spendable" account and $800.00 in his "release savings" account. (ECF No. 1-2 at 3.)

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(a), the District Court may authorize a plaintiff to proceed *in forma pauperis* and order a complaint to be filed without requiring the prepayment of filing fees. The statute "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). However, to guard against potential "abuse" of "cost-free access to the federal courts," *id.* (citing *Denton v. Hernandez*, 504 U.S. 25, 29 (1992)), section 1915(e) empowers the District Court to dismiss an *in forma pauperis* complaint if it "is frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e).

Thus, the District Court engages in a two-step analysis when considering a complaint filed with an *in forma pauperis* application: "First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). . . . Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e)." *Archie v. Mercer Cnty. Courthouse,* No. 23-3553, 2023 WL 5207833, at *2 (D.N.J. Aug. 14, 2023) (citing *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)).

## III. DISCUSSION

### A. *In Forma Pauperis* Application

In order to proceed *in forma pauperis,* Section 1915(a) requires Plaintiff to submit "an affidavit stating all income and assets, the plaintiff's inability to pay the filing fee, the 'nature of the action,' and the 'belief that the [plaintiff] is entitled to redress.'" *Martinez v. Harrison*, No. 23-3513, 2023 WL 5237130, at *1 (D.N.J. Aug. 15, 2023) (alteration in original) (quoting 28 U.S.C. § 1915(a)). Prisoners are additionally required to submit "a certified copy of the trust fund account

3

statement . . . for the 6-month period immediately preceding the filing of the complaint . . . ." 28 U.S.C. § 1915(a)(2).

Plaintiff's certified trust fund account statement indicates that he has $1.88 in his prison spending account and $800.00 in his release savings account. (ECF No. 1-2 at 3.) It is not clear that Plaintiff could access the release savings account funds without authorization. However, even if he could, the Court would find that this approximately $800.00 reflected in the trust fund account statement shows that Plaintiff is unable to pay the $405.00 filing fee. Therefore, Plaintiff has pled his circumstances with sufficient particularity, and the Court **GRANTS** Plaintiff's *in forma pauperis* application.

B. Review of Complaint

Having granted Plaintiff's application to proceed *in forma pauperis*, the Court turns to reviewing the merits of Plaintiff's Complaint. The Court may dismiss any claims that are "(1) . . . frivolous or malicious; (2) fail[] to state a claim upon which relief may be granted; or (3) seek[] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). A court must be mindful to hold a *pro se* plaintiff's complaint to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The Court finds that Defendant is immune from suit under the Eleventh Amendment and therefore Plaintiff's Complaint must be dismissed. The Eleventh Amendment limits a federal court's jurisdiction over actions against a state. *See In re Hechinger Inv. Co. of Del.*, 335 F.3d 243, 249 (3d Cir. 2003). The state's sovereign immunity from suit under the Eleventh Amendment also

4

extends to "arms of the state," such as state agencies and departments. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984); *Chisolm v. McManimon*, 275 F.3d 315, 322–23 (3d Cir. 2001) ("Eleventh Amendment immunity may be available to a state party-in-interest notwithstanding a claimant's failure to formally name the state as a defendant."). Unless a party waives its sovereign immunity, "a court is without subject matter jurisdiction over claims against . . . agencies or officials in their official capacities."[2] *Treasurer of New Jersey v. U.S. Dep't of Treasury*, 684 F.3d 382, 395 (3d Cir. 2012). To determine whether an "entity is properly characterized as an arm of the state" and thus entitled to Eleventh Amendment immunity, courts in the Third Circuit apply a three-factor test: "(1) whether the payment of the judgment would come from the state; (2) what status the entity has under state law; and (3) what degree of autonomy the entity has." *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 546 (3d Cir. 2007) (citation omitted).

Courts in this district applying this test have held that Defendant is an arm of the state entitled to Eleventh Amendment immunity. *See, e.g.*, *Ferguson v. Isabella*, No. 12-2662, 2014 WL 282757, at *3 (D.N.J. Jan. 21, 2014) (dismissing claim as "[c]ourts in this District have consistently found that the New Jersey State Parole Board is a state agency entitled to Eleventh Amendment immunity from suit in federal court"); *Glover v. New Jersey State Parole Bd.*, No. 17-2889, 2017 WL 3671249, at *2 (D.N.J. Aug. 25, 2017) ("The Parole Board, a state agency, is entitled to Eleventh Amendment immunity from suit in federal court."); *Randolph v. New Jersey State Parole Off.*, No. 07-376, 2007 WL 1521189, at *3 (D.N.J. May 21, 2007) ("[T]he New Jersey State Parole Board is not a 'person' subject to suit under 42 U.S.C. § 1983."). The Court therefore finds that

---

[2] "A waiver of sovereign immunity must be express and unambiguous to confer subject matter jurisdiction on a court." *Treasurer of New Jersey*, 684 F.3d at 396. Plaintiff does not allege that Defendant waived its sovereign immunity.

Defendant is an arm of the state and is immune from suit under the Eleventh Amendment. For this reason, Plaintiff's Complaint is **DISMISSED** without prejudice.

**NOT FOR PUBLICATION**

      **IT IS** on this 17th of September, 2024, **ORDERED** that:

1. Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-1) is **GRANTED**;

2. Plaintiff's Complaint (ECF No. 1) is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e);

3. The Clerk's Office is directed to **CLOSE** this matter;

4. Pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this Order by regular mail upon the Attorney General of the State of New Jersey and the Administrator of South Woods State Prison;

5. Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the Court's dismissal as a result of its *sua sponte* screening; § 1915 does not suspend installment payments of the filing fee or permit refund to the prisoner of the filing fee, or any part of it, that has already been paid;

6. Pursuant to *Bruce v. Samuels*, 136 S. Ct. 627, 632 (2016), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act (PLRA) provision governing the mandatory recoupment of filing fees, Plaintiff's monthly income is subject to a simultaneous, cumulative 20% deduction for each case a court has mandated a deduction under the PLRA; i.e., Plaintiff would be subject to a 40% deduction if there are two such cases, a 60% deduction if there are three such cases, etc., until all fees have been paid in full;

7. Pursuant to 28 U.S.C. § 1915(b)(2), in each month that the amount in Plaintiff's account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding

7

      month's income credited to Plaintiff's account, in accordance with Bruce, until the $350.00 filing fee is paid. Each payment shall reference the civil docket numbers of the actions to which the payment should be credited;

8. Plaintiff may have this case reopened within thirty (30) days of the date of entry of this Order by filing an amended complaint;

9. Upon receipt of an amended complaint within the time allotted by this Court, the Clerk will be directed to reopen this case, and the Court will screen the amended complaint pursuant to 28 U.S.C. § 1915(e); and

10. The Clerk's Office shall serve on Plaintiff by regular U.S. mail this Memorandum Order to his address of record.

 

                                                            _____
                                                            **ROBERT KIRSCH**
                                                            **UNITED STATES DISTRICT JUDGE**